UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID BREWER,<br><br>    Respondent. | No. 2:22-cv-2207 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

I.    <u>Application to Proceed In Forma Pauperis</u>

Examination of the application reveals petitioner is unable to afford the costs of this action. ECF Nos. 2, 6. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

II.    <u>Background</u>

Petitioner is an inmate currently housed at the Federal Correctional Institution-Herlong (FCI-Herlong). ECF No. 1. In 2019, petitioner was sentenced to 72 months in prison by the United States District Court for the District of Maryland after pleading guilty to possession with intent to distribute cocaine. <u>Id.</u> at 2. He currently has a projected release date of October 22, 2023. <u>Id.</u> at 14.

### III. Petition

Petitioner seeks relief under § 2241 on the grounds that the Bureau of Prisons (BOP) (1) has elected to apply his 285 days of First Step Act (FSA) time credits to the Residential Reentry Center (RRC) or home confinement category rather than the release category and (2) is claiming petitioner is ineligible to have his earned time credits applied because he faces possible deportation. ECF No. 1 at 2-5. Petitioner further states that he is currently in the process of exhausting his administrative remedies and is awaiting a response from the warden but has concurrently filed this petition because he believes he is entitled to immediate release if the time credits are applied. Id. at 2, 5-6. He requests that the court order the application of his time credits to his release date and order immediate release from custody. Id. at 6.

### IV. First Step Act

The First Step Act of 2018[1] (FSA) was created and implemented by Congress to further criminal justice reform and was enacted on December 21, 2018. Under the FSA, the Attorney General, in consultation with the Federal Bureau of Prisons and other federal entities, was tasked, in relevant part, to review existing prison risk and needs assessment systems and to develop recommendations regarding evidence-based recidivism reduction (EBRR) programs and productive activities (PAs) that were the most effective at reducing recidivism. See 18 U.S.C. § 3631(a)-(b). The assessment system developed was also tasked with determining when to provide incentives and rewards for successful participation in EBRR programs and PAs, as well as with determining when to transfer prisoners into prerelease custody or supervised release. See 18 U.S.C. § 3632(a)(6)-(7).

Under the FSA, when a prisoner successfully completes an EBRR program or a PA, he earns 10 days for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i). In addition, if the BOP has determined a prisoner is at a "minimum" or "low" risk of recidivating, and he has not increased his risk of recidivism over two consecutive assessments,[2] he will earn an

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).
[2] Risk assessments and level adjustments for prisoners participating in EBRR programming and PAs are to occur no less often than annually. 18 U.S.C. § 3632(d)(5).

additional 5 days of time credit for every 30 days he has participated in EBRR programming or PAs. 18 U.S.C. § 3632(d)(4)(A)(ii). Time credit cannot be earned for an EBRR program that a prisoner successfully completed before the enactment of the FSA or during official detention prior to the date a prisoner's sentence began. 18 U.S.C. § 3632(d)(4)(B). The time credit awarded for EBRR programming and PAs is to be applied only to prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C).

V.     Discussion

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

A.  Right to Application of Credits to RCC or Home Confinement vs. Release

Petitioner argues that he is entitled to have his FSA time credits applied toward his supervised release rather than prerelease custody and that the policy basing the decision on whether a prisoner is within eighteen months of being released is arbitrary. ECF No. 1 at 3-4. However, the FSA provides that

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody *or* supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody *or* supervised release.

18 U.S.C. § 3632(d)(4)(C) (emphasis added). Those courts to have considered the issue have uniformly found that whether to apply FSA time credits to prerelease custody or supervised release is within the discretion of the BOP. Marler v. Derr, No. 22-cv-0240 JAO RT, 2023 WL 2563147, at *6, 2023 U.S. Dist. LEXIS 45091, at *15 (D. Haw. Mar. 17, 2023) ("FSA time credits can be applied at the BOP's discretion to *either* early transfer to home confinement . . . *or*

3

early transfer to supervised release"); Parcon v. Keyes, No. 22-cv-0376 BBC, 2022 WL 6237560, at *1, 2022 U.S. Dist. LEXIS 161074, at *3 (W.D. Wis. Sept. 7, 2022) ("[T]he decision by the BOP to apply petitioner's FTCs towards his time in prerelease custody instead of supervised release is a matter within the BOP's discretion and not reviewable by this court." (citation omitted)); Brodie v. Pliler, No. 22-cv-3821 LGS, 2022 WL 16751908, at *4, 2022 U.S. Dist. LEXIS 202749, at *10 (S.D.N.Y. Nov. 7, 2022) (same); O'bryan v. Cox, 2021 WL 3932275, at *4, 2021 U.S. Dist. LEXIS 167316, at *11 (D.S.D. Sept. 1, 2021) (same).  Furthermore, the policy providing that FSA time credits will be applied to prerelease custody instead of supervised release if calculated within eighteen months of release does not appear to be "contrary to established federal law, violate[] the United States Constitution, or exceed[] [the BOP's] statutory authority."  Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011) (footnote omitted); Brodie, 2022 WL 16751908, at *4, 2022 U.S. Dist. LEXIS 202749, at *10 (neither the statute nor the BOP's final rule for implementing the FSA, codified at 28 C.F.R. §§ 523.40 to 523.44, bars the eighteen-month cutoff for determining which category credits are applied to).  The discretionary decision whether to release a prisoner into prerelease custody or supervised release under § 3624(g) is therefore not reviewable by this court.  Reeb, 636 F.3d at 1227-28 (18 U.S.C. § 3625 bars judicial review of "'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624" unless the BOP's action "is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority" (footnote omitted)).

      B.  Standing

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'"  Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  "Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."  Monsato Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted).  "[I]f in the course of litigation a court finds that it can no longer provide . . . any effectual relief, the case generally is moot."  Uzuegbunam v. Preczewski, 141 S. Ct. 792, 796 (2021).

Petitioner alleges the BOP has determined he is ineligible to apply his earned FSA time credits solely because he has a lodged detainer or unresolved immigration issues.  It is true that at the time the petition was filed the BOP took the position that inmates with detainers or unresolved immigration status issues were ineligible to have FSA credits applied.  Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) at 13, 16 (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410_01.pdf.  However, on February 6, 2023, after the instant petition was filed, the BOP issued a change notice to the program statement in which it deleted the requirement that inmates have no detainers or unresolved immigration status issues in order to have FSA time credits applied to their sentence.  Fed. Bureau of Prisons, Change Notice No. 5410.01 CN-1, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) at 2, 17, 20 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn.pdf.  Thus, petitioner is no longer barred from having earned FSA time credits applied to his sentence due to the detainer or unresolved status issues, and this basis for the petition has been rendered moot.  Petitioner therefore lacks standing as to this issue and it should be dismissed.

### C.  Conclusion

Because the BOP's decision whether to apply FSA time credits to the prerelease custody or supervised release category is within the BOP's discretion, and the policy barring petitioner from applying his earned time credits has been amended such that the bar no longer exists, no relief can be provided and the petition should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's requests to proceed in forma pauperis (ECF Nos. 2, 6) are GRANTED.

2.  The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition be DISMISSED without prejudice. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being

served with these findings and recommendations, petitioner may file written objections with the court. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE